## WHITE v. WOOD et al.

(Supreme Court, General Term, Second Department.   December 12, 1892.)

Action by Josiah J. White, a bondholder of the Chattaroi Railway Company, against George C. Wood and others, as purchasing and reorganizing trustees. Judgment was rendered for defendants at special term.   Plaintiff appeals.   Affirmed.

William J. Gaynor. for appellant.

Anson Maltby, (Wheeler H. Peckham, of counsel,) for respondents.

BARNARD, P. J.   The facts proven on the new trial are not materially different from those passed upon by the court of appeals upon the former appeal herein.   White v. Wood, 129 N. Y. 527, 29 N. E. Rep. 835.   The judgment should therefore be affirmed, with costs.

## LYDECKER v. GILCHRIST.

(Supreme Court, General Term, Second Department.   December 12, 1892.)

Action by Maria Lydecker against Samuel Gilchrist.   The complaint was dismissed in the county court of Rockland county, and an appeal taken to the general term, where the case was placed on the May calendar.   At that time, the appeal having been noticed for argument, and the appellant having failed to make and serve the case on appeal, it was stipulated that he should have 30 days in which to prepare two printed cases on appeal, and that, in case of his failure so to do and submit the papers on appeal within that time, the appeal should be dismissed, and the judgment affirmed on the stipulation.   He failed to comply with the stipulation, and consequently the judgment was affirmed.   The appellant moved in September to be relieved from his stipulation, and to have the judgment of affirmance set aside, and to be allowed to submit his appeal on the ground that he was unable to procure a copy of the stenographer's minutes of the testimony for the purpose of making up the case.

DYKMAN, J.   This is a motion to open a default taken against the plaintiff, who is the appellant, at the last general term of this court.   The cause was tried first in a court of a justice of the peace, where the plaintiff obtained a substantial verdict.   Upon a new trial in the county court the defendant obtained a verdict, and the plaintiff has appealed from the judgment entered thereon.   We think the default is excused, and that the plaintiff is entitled to have the case examined upon this appeal.   The motion should therefore be granted, with $10 costs to the respondent to abide the event.

## In re NELSON'S WILL.

(Supreme Court, General Term, Second Department.   February 13, 1893.)

Appeal from surrogate court, Westchester county.

Proceeding for the probate of the will of Augustus Nelson, deceased, by which testator's entire property was given to one Rosalinda Nelson, who was not related to him.   The will was admitted to probate, and testator's two sisters and a nephew, who were his next of kin, appeal.   Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

E. C. Neil, for appellant.

Frost & Manser, for respondents.

DYKMAN, J.   This is an appeal from a decree of the surrogate of Westchester county, admitting to probate the last will and testament of Augustus Nelson, deceased.   The contestants filed the usual objections to the will, but they were not only unsubstantiated, but they were disproven by the proponent of the will. The appeal is destitute of merit, and the decree should be affirmed, with costs of the appeal to be paid by the appellants.